UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HERMAN SATTERWHITE,<br><br>    Petitioner,<br><br>    v.<br><br>PIERCE COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. C06-5149RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**June 9th, 2006** |

    This 28 U.S.C. § 2241 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  When the court reviewed the petition it appeared the petitioner was challenging his ongoing criminal prosecution including decisions on bail and pre trial release as well as conditions at the County Jail. (Dkt. # 6).

    Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court.  This Court has no jurisdiction to intervene in ongoing state court proceedings.  See <u>Demos v. U.S. Dist. Court for E. Dist. of Wash.</u>, 925 F.2d 1160, 1161 (9th Cir. 1991), <u>cert. denied</u> 498 U.S. 1123 (1991).  In the present case, petitioner has not been convicted or sentenced in the state court proceedings.  Therefore, the Court lacks jurisdiction to consider his federal habeas corpus petition.

ORDER- 1

1  Even assuming petitioner has been sentenced in the state court proceedings since the filing of
2  his federal habeas petition, his claims would not be eligible for federal habeas review.

3  Petitioner has filed this action under 28 U.S.C. § 2241, which provides in relevant part that
4  the court may grant a petition for writ of habeas corpus if a petitioner is in custody in violation of the
5  Constitution or law or treaties of the United States.  However, before claims may be raised in a
6  federal habeas corpus petition, state remedies must be exhausted as to all claims raised in the
7  petition.  See Rose v. Lundy, 455 U.S. 509 (1982).  Exhaustion is shown by providing the highest
8  state court with the opportunity to rule on the merits of the claim. Batchelor v. Cupp, 693 F.2d 859
9  (9th Cir. 1982), cert. denied, 463 U.S. 1212 (1983). This rule also applies to claims raised under
10 Section 2241 while the petitioner's trial is pending.  See Carden v. State of Montana, 626 F.2d 82
11 (9th Cir. 1980), cert. denied 449 U.S. 1014 (1980)(declining to consider speedy trial claim until post
12 conviction state court remedies have been exhausted).

13  Generally, the federal courts will not intervene in a pending criminal proceeding absent
14 extraordinary circumstances where the danger of irreparable harm is both great and immediate.  See
15 Younger v. Harris, 401 U.S. 37, 45- 46 (1971);  see also Fort Belknap Indian Community v.
16 Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate
17 if ongoing state judicial proceedings implicate important state interests and offer adequate
18 opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of
19 Tempe, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger  abstention doctrine applies when the
20 following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an
21 important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions
22 in the proceedings).

23  Only in the most unusual circumstances is a petitioner entitled to have the federal court
24 provide intervene by way of injunction or habeas corpus until after the jury comes in, judgment has
25 been appealed from and the case concluded in the state courts.  Drury v. Cox, 457 F.2d 764, 764-65
26 (9th Cir.1972).  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied,  449 U.S. 1014
27 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for
28 ORDER- 2

1  example where the state law is flagrantly and patently violative of express constitutional prohibitions
2  or where there is a showing of bad faith, harassment, or other unusual circumstances that would call
3  for equitable relief. Younger, 401 U.S. at 46, 53-54.

4  This petition should not proceed further and should be **DISMISSED WITHOUT**
5  **PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

6  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
7  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
8  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
9  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
10  72(b), the clerk is directed to set the matter for consideration on **June 9th, 2006**, as noted in the
11  caption.

13  Dated this 16th day of May, 2006.

15  */S/ J. Kelley Arnold*
    J. Kelley Arnold
    United States Magistrate Judge

28  ORDER- 3